## Pustilnik v. Southeastern Pennsylvania Transportation Authority

*Malcolm H. Waldron, Jr.*, for plaintiff.

*Joseph J. Weisenfeld, Takiff, Bolger & Murphy*, for defendants.

GREENBERG, J., November 21, 1968.—On May 27, 1968, plaintiff was injured in the Eleventh Street station of the Market Street Subway. Two days later suit was instituted by writ of summons, and plaintiff now seeks to take the depositions of certain officers and employes of defendant, *prior to his filing of the complaint.*

Rule 4007(a) provides that discovery may be had if it is "relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings. . . ." Pursuant to this rule, discovery has been allowed prior to the filing of a complaint, but invariably subject to carefully constructed limitations and a showing that without the discovery a complaint could not be drafted. See e. g., Lutsko v. Sawka, 27 D. & C. 2d 246 (C. P. Lehigh 1962) ; Lichtman v. Lipoff, 10 D. & C. 2d 725 (C. P. Phila. 1957) ;

Purcell v. Westinghouse Broadcasting Co., 10 D. & C. 2d 729 (C. P. Phila. 1957) ; Geer v. Martsolf, 7 D. & C. 2d 696 (C. P. Beaver 1956) ; Knappenberger v. Feldman, 6 D. & C. 2d 728 (C. P. North. 1956).

Plaintiff's petition recites merely that "Depositions are necessary of certain officers and employees of the defendant corporation which are relevant to the subject matter involved in this action and will substantially aid in the preparation of the pleadings in preparation for the trial of this case".

Plaintiff's claim of necessity is based on allegations, supported by depositions of the plaintiff's father and his attorney, that it is difficult to get information from the plaintiff concerning the accident because he gets "nervous and upset".

In the absence of more definitive testimony, including expert opinion, we could not justify a finding that plaintiff was not a viable source of information. But even accepting the allegations as true, we do not feel plaintiff has justified his right to precomplaint discovery.

The information sought concerns the operation and maintenance of the subway trains and stations. Plaintiff's attorney admitted that plaintiff had no special knowledge concerning the subways, and, hence, even if plaintiff could communicate with his lawyer, it would be of little or no help in this respect.

At oral argument, plaintiff's attorney demonstrated to our satisfaction that he did have enough information to prepare a complaint. This is especially true in view of the liberalized rules as to the content of such a complaint. He could then proceed to take such discovery as he thinks is necessary and, in his discretion, amend the complaint to reflect any additional facts discovered.

Accordingly, plaintiff's rule is denied.